United States District Court
Eastern District of North Carolina
**Razjanae Evans**, Plaintiff,
v.
**Holly Hill Hospital and Universal Health Services, Inc.**, Defendants.
Docket No. 5:26-CV-640-BO

# Attachment to Pro Se 7 Form: Relief Requested (Continued)

As a direct and proximate result of Defendants' unlawful employment practices under the Pregnant Workers Fairness Act (PWFA), retaliation, and constructive suspension, Plaintiff Razjanae Evans seeks the following legal, equitable, and monetary relief:

1. **Compensatory Damages:** Recovery for severe emotional distress, anxiety, mental anguish, humiliation, and physical stress caused by Defendants' bad-faith stonewalling, deliberate safety endangerment, and forced isolation on January 30, 2026.
2. **Back Pay and Lost Wages:** Full financial restitution for the 36 weekly work hours stripped from Plaintiff during her forced constructive suspension from January 30, 2026, to March 2, 2026.
3. **Restoration of Paid Time Off (PTO):** Financial reimbursement or restoration of the 54 hours of personal PTO that Plaintiff was forced to prematurely liquidate and drain, which destabilized her essential savings reserved for upcoming maternity leave.
4. **Out-of-Pocket Financial Losses:** Compensation for personal savings depleted to cover the additional 90 unpaid hours resulting from Defendants' unlawful constructive suspension.
5. **Injunctive and Declaratory Relief:** Court orders declaring Defendants' actions in violation of the Pregnant Workers Fairness Act, and enjoining Defendants from further retaliatory practices, failure to accommodate, or unsafe staffing assignments for pregnant employees.
6. **Legal Costs and Fees:** Recovery of all filing fees, court costs, and associated expenses incurred in the prosecution of this action.
7. **Punitive Damages:** Exemplary damages awarded due to Defendants' willful, malicious, and reckless disregard for Plaintiff's federally protected rights and physical safety.
8. **Such Further Relief:** Any other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Due to the repeated safety violations and hostile environment, Plaintiff began prescribed anxiety medication on January 28, 2026, and was forced onto a constructive suspension from January 30 to March 2, 2026. During this forced absence, Plaintiff was stripped of her 36 weekly work hours, forced to liquidate 54 hours of personal PTO meant for maternity leave, and compelled to exhaust personal savings to cover an additional 90 unpaid hours.